UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODGER HOOKER,

    Plaintiff,                                         Case No. 2:12-cv-12232

v.                                                     Hon. Robert H. Cleland
                                                       Mag. Judge Laurie J. Michelson

GOLDSTEIN & ASSOCIATES, LLC.,
and JOE CAMPBELL, SR.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S REQUEST
TO ADJUDGE DEFENDANTS IN CONTEMPT**

Plaintiff Rodger Hooker's Amended Complaint alleges that Defendants Goldstein & Associates, LLC and its Managing Manager, Joe Campbell, Sr., violated the Fair Debt Collection Practice Act ("FDCPA") while attempting to collect an alleged debt from Plaintiff. (Dkts. 9, 10.) District Judge Robert H. Cleland entered a default judgment against Defendants on March 7, 2013 in the amount of $7,153.50 for their failure to answer or otherwise respond to the complaint. (Dkt. 17.) On June 6, 2013, the Court ordered Defendants to either pay the judgment in full or respond to Plaintiff's post-judgment discovery within 21 days. (Dkt. 19.) When Defendants failed to do either, this Court granted Plaintiff's Motion to Show Cause (Dkt. 20), directing Joe Campbell, Sr. to appear before the Court on September 11, 2013 at 10:00 am and show cause why Defendants should not be adjudged in contempt. (Dkt. 22.) Campbell subsequently filed a response to the motion to show cause in which he seeks to have the default judgment set aside for lack of proper service. Neither Defendant, however, appeared for the September 11 show cause hearing.

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's request to hold Defendants in contempt be **GRANTED IN PART AND DENIED IN PART**.


## I. BACKGROUND

"Except in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt. Rather, the Magistrate Judge must proceed under 28 U.S.C. § 636(e)(6)(B)."[1] *U.S. v. Hendrickson*, No. 06-11753, 2010 U.S. Dist. LEXIS 52739, 2010 WL 2318770, at *1 (Apr. 16, 2010), *report and recommendation adopted*, 2010 U.S. Dist. LEXIS 52682, 2010 WL 2219342 (E.D. Mich. May 28, 2010). "The proper contempt procedure requires that the Magistrate Judge certify findings of fact to support a finding of contempt . . . .". *N.L.R.B. v. Steele*, No. 07-CV-50712, 2008 U.S. Dist. LEXIS 11867, 2008 WL 474077, at *1 (E.D. Mich. Feb. 19, 2008).

Thus, as contemplated by 28 U.S.C. § 636(e)(6)(B), the Court certifies these facts to Judge Cleland:

1. On April 3, 2012, Defendant Goldstein & Associates, LLC attempted to contact Plaintiff Hooker to collect on a debt. (Dkt. 15, Mot. for Default J., Ex. A, Affidavit of Rodger Hooker, ¶ 4.) Perhaps by mistake, Goldstein & Associates left a voicemail message on Hooker's son's telephone. (*Id.*, ¶ 6.)

---

[1] This section provides as follows:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

2. As a result of this phone call, on May 21, 2012, Plaintiff filed his initial complaint against Goldstein & Associates alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

3. After several unsuccessful attempts to serve this complaint on Goldstein & Associates' registered agent, Missy Johnson, Plaintiff's process server served Johnson's mother, Clarencetta Clark, on June 14, 2013. (Dkt. 5.) The process server believed, pursuant to records from the Florida Department of State Division of Corporations, that Ms. Clark was a manager of Goldstein & Associates. (*Id.*)

4. A print-out from the Division of Corporations identifies Johnson as the Registered Agent and "Clarencetta Clarke" as an "MGR" of Goldstein & Associates, LLC. (*See* Dkt. 24, Defs.' Resp. to Mot. for Order to Show Cause, Pg ID 197-198.)

5. Goldstein & Associates failed to respond to the complaint. A Clerk's Entry of Default was entered against the company on July 11, 2012. (Dkt. 7.)

6. On September 6, 2012, Plaintiff filed an Amended Complaint that added Joe Campbell, Sr. as a defendant. (Dkt. 10.) The Amended Complaint alleges that Campbell "was acting as an Owner, Officer, Director, Manager and/or agent of Goldstein." (Am. Compl., ¶ 14.) The print-out from the Division of Corporations identifies Campbell's title as "MGRM." (Defs.' Resp. to Mot. for Order to Show Cause, Pg ID 197-198.)

7. Plaintiff's process server has averred that, on September 25, 2012, he served Campbell by leaving a copy of the Summons and Amended Complaint with Campbell's aunt (Shirley Anderson) who is identified as his "co-resident." (Dkt. 12.) Apparently, Plaintiff believes this service on Campbell also effectuated service of the Amended Complaint on Goldstein & Associates.

8. On October 29, 2012, after Campbell failed to answer or otherwise respond to the Amended Complaint, Plaintiff obtained a Clerk's Entry of Default against Campbell. (Dkt. 14.)

9. Although Goldstein & Associates had also failed to answer the Amended Complaint, Plaintiff did not seek or obtain a separate default against the company.

10. Nonetheless, on January 16, 2013, Plaintiff filed a motion for default judgment against both Defendant Goldstein & Associates and Defendant Campbell. (Dkt. 15.) The motion does not reference the Amended Complaint. Neither Defendant responded.

11. On March 7, 2013, following a hearing, Judge Cleland entered a default judgment against both Defendants in the amount of $7,153.50. (Dkt. 17.)

12. Defendants did not pay the judgment. Thus, on April 3, 2013, Plaintiff mailed post-judgment discovery requests to Defendants. (Dkt. 18, Mot. to Compel, ¶ 3, Ex. A.) The discovery requests were sent to Campbell at the following two addresses: (1) 1024 Bridlewood Farms Pkwy, Ridgeville, SC 29472-5947 and (2) 11723 Lynn Brook Cir., Seffner, FL 33584-7203. (*Id*., Ex. A.)

13. Neither Defendant, however, provided timely responses to the discovery. Accordingly, Plaintiff filed a motion to compel (Dkt. 18), which the Court granted on June 6, 2013 (Dkt. 19). The Court also then ordered Defendants to either completely pay the judgment entered on March 7, 2013 or to respond to the post-judgment discovery within 21 days. (Dkt. 19.)

14. Defendants did neither before the Court's deadline. Thus, on July 25, 2013, Plaintiff filed a motion for order to show cause requesting that the Court "issue an order directing Joe Campbell, Sr., the Principal of Goldstein & Associates, LLC., at a time and place to be fixed in said order, to show cause why Defendants should not be adjudged to be in contempt of this Court." (Dkt. 20, ¶ 5.) Plaintiff requested as contempt sanctions the issuance of an arrest warrant as to Joe Campbell, Sr., the imposition of a daily fine against Defendants of up to $1,000.00 until they comply with the June 6, 2013 Order, and additional fees and costs for enforcement of the judgment. (*Id*.)

15. Also on July 25, 2013, Plaintiff's counsel mailed the motion for order to show cause to Campbell at the same two addresses where he sent the post-judgment discovery requests. (*Id*. at 4, Cert. of Service.)

16. On August 13, 2013, this Court granted Plaintiff's motion for order to show cause and ordered Campbell to appear before the Court on September 11, 2013 at 10:00 a.m. to show cause why the Court should not certify facts to Judge Cleland finding Defendants to be in contempt of Court. (Dkt. 22, Order to Show Cause.)

17. In the show cause order, the Court also directed Plaintiff to properly serve a copy on Defendants within 10 days and to file a certificate of service with the Court. (*Id*.)

18. On August 16, 2013, Campbell, apparently on behalf of both Defendants, mailed a document to the Court titled "Defendants' Response and Objection to Plaintiff's Motion to Compel Responses to Post-Judgment Discovery and Motion for Order to Show Cause and Request to Set Aside Judgment." (Dkt. 24.) The Response was docketed on August 22, 2013. (*Id*.)

19. Defendants' Response does more than its name suggests: it includes a counter-motion for affirmative relief – to set aside the default judgment. However, the Eastern District of Michigan's ECF Policy and Procedure Rule 5(d) states that

      "a response or reply to a motion must not be combined with a counter-motion. Papers filed in violation of this rule will be stricken."

20. Defendants' Response contends that neither Defendant was properly served, that Goldstein & Associates is not – and was not at the time of the events in the Amended Complaint – an active limited liability company, and that Campbell is not Goldstein's principle and thus, is not a proper defendant. (*Id*., ¶¶ 1-3) "In short," Defendants say, "Plaintiff has sued, and seeks damages from, the wrong company and individual." (*Id*., ¶ 7.)

21. In the Response, Defendants acknowledge that they received Plaintiff's post-judgment discovery requests. (*Id*., ¶ 4.)

22. The Defendants did not appear at the September 11, 2013 show cause hearing.

23. The Court did not realize until after the hearing, that no certificate of service had been filed by Plaintiff. Thus, the Court ordered Plaintiff to submit the certificate of service by September 15, 2013. (Dkt. 28.)

24. On September 13, 2013, Plaintiff docketed the certificate of service. It advises that the show cause order was sent to Defendants by regular U.S. mail. (Dkt. 29.) While this is not proper service, the Court will infer that Defendants received the Court's show-cause order. After this Court's show-cause order, Defendants responded to Plaintiff's Motion for Order to Show Cause and Plaintiff's post-judgment discovery requests. This suggests that Defendants' receipt of the show-cause order triggered their participation in this case. Moreover, Plaintiff sent the show cause order to the same address he used to send his motion and discovery request.

## II.   ANALYSIS

### A.   Legal Standard

"When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court." *Electrical Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). Whether to hold a party in contempt is within the sound discretion of the district court. *Id.* at 378. "[T]he power 'to punish for contempts' should not be used lightly." *Id.*; *see also Bishop v. Long Term Disability Income Plan of Sap America, Inc.*, No. 04-CV-0031, 2008 U.S. Dist. LEXIS 3431, 2008 WL 170498, at \*5 (N.D. Okla. Jan. 16, 2008)

("Civil contempt is a severe remedy that should be used only when absolutely necessary . . . ." (citing *NLRB v. Shurtenda Steaks, Inc.*, 424 F.2d 192 (10th Cir. 1970))). A party seeking to establish contempt must produce "clear and convincing evidence" showing that the alleged contemnor violated a "'definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Gary's Elec. Serv. Co.*, 340 F.3d at 378 (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)). The court's prior order must have been "clear and unambiguous," and "[a]mbiguities must be resolved in favor of the party charged with contempt." *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 550-51 (6th Cir. 2006) (citing *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996)).

Once the movant establishes a prima facie case of contempt, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 378 (citing *United States v. Rylander*, 460 U.S. 752, 757, 103 S. Ct. 1548, 75 L. Ed. 2d 521 (1983)). To satisfy this burden, the non-movant "must show categorically and in detail why he or she is unable to comply with the court's order." *Id* (quoting *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir.1996)). When evaluating an alleged contemnor's failure to comply with a court order, the Court "also consider[s] whether the [accused] 'took all reasonable steps within [his] power to comply with the court's order.'" *Id*. (citing *Peppers v. Barry*, 873 F.2d 967, 968, 969 (6th Cir. 1989)).

### B. The Propriety of Contempt Sanctions

On June 6, 2013, after months of failing to appear or otherwise defend against this lawsuit, Defendants were ordered to "either pay in full the [$7,153.50] Judgment entered on March 7, 2013

6

. . . or respond to post-judgment discovery" by June 27, 2013. There is no dispute that Defendants did neither. They also failed to come forward with evidence showing that they were unable to comply with the order.

Instead, Defendants now seek to set aside the default judgment. Pursuant to Federal Rule of Civil Procedure 55(c), a default judgment may be set aside for good cause and in accordance with Rule 60(b). Yet, Rule 60(b) provides that "*[o]n motion* and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." Fed. R. Civ. P. 60(b) (emphasis added). As mentioned, however, pursuant to Eastern District of Michigan ECF Rule 5, Defendants have not filed a proper motion (nor has such a motion been referred to this Court). Instead, they improperly included a request to set aside the default judgment as part of their Response to Plaintiff's Motion for Order to Show Cause and Motion to Compel Responses to Post Judgment Discovery. Additionally, Campbell filed the Response. Yet, Plaintiff contends, Campbell is not a lawyer. (Dkt. 27, Pl. Reply at 5.) The Court agrees with Plaintiff that Campbell may not represent Goldstein & Associates, LLC: only attorneys may represent corporations in federal court. *See* 28 U.S.C. § 1654; *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969); *Specialty Vehicle Acquisition Corp. v. American Sunroof Corp.*, No. 07-13887, 2008 WL 344546, at *1 (E.D. Mich. Feb. 07, 2008). This Court, therefore, does not recommend setting aside the default judgment.

Even considering the substance of Defendants' Response, it is inadequate to excuse Campbell's failure to comply with the Court's June 6, 2013 Order.[2] It is true that "if service was

---

[2] Because Goldstein & Associates, LLC has not properly appeared, its arguments for failing to comply with the Court's June 6, 2013 order are unknown.

improper, the default judgment is void and must be vacated" pursuant to Fed. R. Civ. P. 60(b)(4). *United States v. Murphy*, No. 99-1436, 2007 U.S. Dist. LEXIS 78020, at *5 (E.D.N.Y. Sept. 28, 2007); *Perfect Score Co., Inc. v. Miller*, 1:09 CV 1189, 2011 WL 4540742, at *3 (N.D. Ohio Sept. 29, 2011). But here, the record does not suggest that service was improper. Plaintiff filed a sworn Affidavit of Service from its process server that he delivered the Summons and First Amended Complaint "to: Shirley Anderson as Aunt, Co-Resident at the address of: 3110 E 28th Ave, Tampa, FL 33610, the within named person's usual place of Abode." Against this affidavit, Campbell's bald contention that Plaintiff's certificate of service lists the incorrect address for him — with no supporting affidavits or other evidentiary support—does not establish that Campbell was not properly served. Campbell does not explain why this was an incorrect address or why this service on his co-resident aunt does not satisfy Fed. R. Civ. P. 4(e)(2)(B).

The analysis as to Goldstein & Associates, LLC, however, is different. From reviewing the docket entries the Court has some concern about the propriety of the default judgment as to Goldstein & Associates. Campbell was the only person served with the Amended Complaint. Even assuming, without deciding, that this was proper service on Goldstein & Associates, Defendants never obtained a Clerk's Entry of Default against Goldstein & Associates for the company's failure to answer the *Amended* Complaint. While they obtained a default on the original complaint, "[t]he filing of an amended complaint supersedes an original complaint, renders the original complaint of no legal effect, and moots the clerk's entry of default as to the original complaint." *United States v. Travelers Cas. & Sur. Com. of Am.*, No. 5:11-cv-169, 2012 U.S. Dist. LEXIS 180946, at * 3 (S.D. Miss., Dec. 21, 2012); *cf. Greater St. Louis Constr. Laborers Welfare Fund v. A.G. Mack Contracting Co.*, No. 4:08-cv-1947, 2009 WL 2916841, at *1 (E.D. Mo. Sept. 4, 2009) (holding that

8

the entry of default relating to the original complaint was rendered moot when the plaintiff filed an amended complaint); *Rock v. Am. Express Travel Related Servs. Co.*, No. 1:08-cv-853, 2008 WL 5382340, at *1 (N.D.N.Y. Dec. 17, 2008) ("Plaintiff's motion for default judgment – which is premised on [defendant's] failure to answer Plaintiff's original Complaint – is denied on the alternative ground that it was mooted and/or rendered untimely by the filing of an Amended Complaint . . . ."). In order to obtain judgment by default, however, the proponent must first obtain a clerk's entry of default pursuant to Rule 55(a). *Hanner v. City of Dearborn Heights*, No. 07-15251, 2008 WL 2744860, *1 (E.D. Mich. July 14, 2008); *see also Hickman v. Burchett*, No. 07-743, 2008 WL 926609, *1 (S.D. Ohio Apr. 4, 2008) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." (internal quotation marks omitted, collecting cases)).

Lastly, "[a]lthough civil contempt may serve incidentally to vindicate the court's authority, its primary purposes are to compel obedience to a court order and compensate for injuries caused by noncompliance. The award of attorney's fees and expenses to a successful movant may be appropriate in a civil contempt proceeding." *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983) (citations omitted). Given Defendants' failure to do anything in this case until the filing of Plaintiff's motion for order to show cause, an award of reasonable attorney fees and costs incurred in bringing that motion is appropriate.

## III. CONCLUSION AND RECOMMENDATIONS

Accordingly, for the reasons set forth above, this Court recommends that Plaintiff's request for contempt sanctions be GRANTED IN PART as follows:

(1) Defendant Campbell be ordered to appear at a date certain before Judge Cleland to show

9

cause why an order of civil contempt should not be entered against them. Unless Campbell satisfactorily shows cause why he has disregarded the Court's order of July 6, 2013, the Court recommends that he (a) be found in civil contempt; (b) be ordered to purge himself of the contempt by paying the Judgment; (c) pay a civil penalty to Plaintiff of $100 per day until the Judgment is paid; and (d) pay the Plaintiff's reasonable costs and attorney fees associated with bringing the motion for order to show cause.

(2) At this time, the Court does not recommend contempt sanctions against Defendant Goldstein & Associates, LLC until Plaintiff better explains why the Default Judgment is proper as to the corporate entity without an entry of default against them on the Amended Complaint.

## IV.   FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be

filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                                  s/Laurie J. Michelson  
                                                  LAURIE J. MICHELSON  
                                                  UNITED STATES MAGISTRATE JUDGE

Dated: September 25, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 25, 2013.

                                                  s/Jane Johnson  
                                                  Deputy Clerk