UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODGER HOOKER,

    Plaintiff,

v.                                        Case No: 12-12232

GOLDSTEIN & ASSOCIATES, LLC., and
JOE CAMPBELL, SR.,

    Defendants.
_____/

**ORDER REGARDING CONTEMPT PROCEEDING**

A hearing is scheduled for April 28, 2015 at 11:00 AM to determine whether Defendant Joe Campbell, Sr. should be held in civil contempt. On April 9, 2015, the court granted a motion to withdraw filed by Campbell's counsel, and appointed the Federal Defender Office ("FDO") to represent Campbell solely for the purposes of the contempt hearing. (Dkt. # 48.) In doing so, the court recognized that scheduling the April 28, 2015 hearing involved considerable coordination, and that rescheduling the hearing would be burdensome in light of the parties', counsels', and the court's schedules. The court appointed the FDO because of the proximity of the contempt hearing, Campbell's apparent indigency, and the possibility of incarceration if he is held in contempt. (*Id.* at 48.)

In a letter dated April 15, 2015, a supervising attorney with the FDO sent a letter to advise the court and the parties that the court does not have authority to appoint counsel for a civil contempt hearing under the Criminal Justice Act, 18 U.S.C. § 3006A.

(Dkt. # 50.) However, in the court's view, Section 3006A does grant authority to appoint counsel to represent Campbell in his upcoming civil contempt hearing.

Section 3006A(a)(1) provides that "Representation shall be provided for any financially eligible person who . . . (I) faces loss of liberty in a case, and Federal law requires the appointment of counsel." 18 U.S.C. § 3006A(1). Federal law requires that counsel be provided to indigent defendants when they face a possibility of incarceration, irrespective of whether the proceedings are categorized as civil or criminal. *McKinstry v. Genessee Cnty. Circuit Judges*, 669 F. Supp. 801, 804 (E.D. Mich. 1987) ("[T]he Supreme Court clearly enunciated the requirement of providing counsel to indigents at any time the proceeding against the indigent can result in incarceration. *This is true whether the proceeding is civil or criminal.*" (emphasis added)); *see Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981) (internal quotation marks omitted) ("[T]he Due Process Clause of the Fourteenth Amendment requires that in respect of proceedings to determine delinquency which may result in commitment to an institution in which the juvenile's freedom is curtailed, the juvenile has a right to appointed counsel even though proceedings may be styled 'civil' and not 'criminal.'"); *Sevier v. Turner*, 742 F.2d 262, 267 (6th Cir. 1984) ("Since [the plaintiff] was incarcerated for sixteen days as a result of the civil contempt hearing, he was entitled to have the assistance of counsel during that proceeding . . . . [T]he relevant question in determining if a defendant is entitled to counsel during this type of contempt proceeding is not whether the proceeding be denominated civil or criminal, but rather is whether the court in fact elects to incarcerate the defendant.").

Here, the record indicates that Campbell is indigent, and the civil contempt hearing could result in his incarceration. Therefore, it appears that the court has authority to appoint counsel for the purposes of Campbell's civil contempt hearing under 18 U.S.C. § 3006A(1)(1)(I) because Campbell "faces loss of liberty" and federal law, as enunciated in *Lassiter* and *Sevier*, requires the appointment of counsel. Furthermore, the Criminal Justice Act states that "[c]ounsel furnishing representation [pursuant to § 3006A] shall be selected from a panel of attorneys designated or approved by the court, or from a bar association, legal aid agency, or *defender organization* furnishing representation pursuant to [§ 3006A]." 18 U.S.C. § 3006A(b) (emphasis added). Sections 3006A(a)(1)(I) and (b), thus, seem to grant the court authority to appoint the federal defenders office to represent Campbell during the upcoming civil contempt hearing.

Accordingly, the court is inclined to continue the FDO's limited appointment for the purposes of the contempt hearing, and the court will further address this question immediately prior to the scheduled contempt hearing. Until such time, the FDO should operate under the assumption that its appointment will continue throughout the civil contempt proceedings. If the court is persuaded that it was mistaken in appointing the FDO, the court will adjourn the contempt hearing for a later date.

IT IS ORDERED that the Federal Defender Office is requested to appear in court on **April 28, 2015 at 11:00 AM** for the purposes of further examining whether the court has authority to appoint the Federal Defender Office to represent Campbell solely for

the purposes of the contempt hearing. In the event that the court's authority is settled, the matter will proceed directly into the contempt hearing.

                                                s/Robert H. Cleland  
                                                ROBERT H. CLELAND  
                                                UNITED STATES DISTRICT JUDGE

Dated: April 21, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 21, 2015, by electronic and/or ordinary mail.

                                                s/Lisa Wagner  
                                                Case Manager and Deputy Clerk  
                                                (313) 234-5522